ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| FIRSTBANK PUERTO RICO<br><br>Apelado<br><br>v.<br><br>ORLANDO RAFAEL ORTIZ BÁEZ; NORTEN MORTGAGE CORPORATION, REPRESENTADO POR SU AGENTE RESIDENTE ELENA DEL C. ORTIZ BÁEZ Y/O CUALQUIER AGENTE AUTORIZADO<br><br>Apelantes | TA2026AP00096 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CD2025CV00262<br><br>Sala: 801<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir[1], el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparecieron ante nos el Sr. Orlando Rafael Ortiz Báez y Norten Mortage Corporation (en adelante, "demandados" o "apelantes") mediante el recurso de apelación de epígrafe presentado el 28 de enero de 2026. Nos solicitan la revisión de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, "foro de instancia") el 2 de diciembre de 2025, notificada el mismo día. En la aludida determinación, el foro de instancia les anotó la rebeldía a los demandados y declaró Con Lugar la Demanda de epígrafe.

Por los fundamentos que expondremos a continuación, **revocamos** la *Sentencia* apelada y, en consecuencia, **devolvemos** el caso al foro de instancia para la continuación de los procedimientos.

**-I-**

---

[1] Mediante Orden Administrativa OATA-2026-063 emitida el 2 de junio de 2026, se designó a la Hon. Maritere Brignoni Mártir en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

Surge del expediente que FirstBank instó una *Demanda*[2] sobre cobro de dinero y ejecución de hipoteca contra los demandados. Posteriormente, presentó *Moción bajo la Ley 184-2012*[3] en la que acreditó el emplazamiento personal de los demandados y, a su vez, solicitó que el caso fuera referido al Centro de Mediación de Conflicto al amparo de la Ley Núm. 184-2012, según enmendada, conocida como *Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal*, 32 LPRA sec. 2881 *et seq*.

A tenor con lo solicitado, el foro de instancia mediante *Orden*[4] refirió el caso al Centro de Mediación de Conflicto de la Rama Judicial. Luego, el Centro de Mediación de Conflicto compareció ante el foro de instancia mediante *Moción sobre resultado del proceso de mediación y cese de notificaciones*[5]. Informó que los demandados se ausentaron, sin excusarse, a la primera cita de mediación. Sin embargo, explicó que estos comparecieron a la segunda cita, en la cual indicaron no residir la propiedad objeto del presente caso. Por tal razón, informó que concluyó su intervención para que continúe el trámite judicial correspondiente, toda vez que el mecanismo de mediación solo aplica a propiedades objeto de ejecución que constituyan una residencia principal.

Tras una *Orden*[6] judicial para informar el curso de acción a seguir, FirstBank presentó *Moción para continuar los procedimientos y en solicitud de anotación de rebeldía y sentencia.*[7] Argumentó que los demandados no contestaron la *Demanda*, ni solicitaron remedio alguno al respecto. Por lo cual, sostuvo que procedía la anotación de rebeldía a los demandados y, como consecuencia jurídica, dictar

---

[2] SUMAC-TPI, entrada núm. 1.
[3] *Id.,* entrada núm. 4.
[4] *Id.,* entrada núm. 5.
[5] *Id.,* entrada núm. 8.
[6] *Id.,* entrada núm. 9.
[7] *Id.,* entrada núm. 10.

sentencia de conformidad con las alegaciones bien alegadas de la *Demanda*.

Así las cosas, el foro de instancia emitió *Sentencia*[8] mediante la cual les anotó la rebeldía a los demandados y declaró Con Lugar la *Demanda* de epígrafe. Además, hizo constar las determinaciones hechos siguientes:

1. El demandado, Orlando Rafael Ortiz Báez, constituyó y emitió Pagaré Hipotecario por la suma principal de $37,000.00 a la orden de Doral Mortgage Corporation, intereses al 9.95% anual, autenticado dicho pagaré mediante Testimonio #9,574 ante el Notario Público Miguel A. Hernández Sanabria, el día 9 de mayo de 2002. FirstBank es el tenedor del pagaré hipotecario.

2. Quedó dicho pagaré hipotecario garantizado con hipoteca constituida mediante la Escritura #99 de igual fecha y ante el mismo Notario, garantizada dicha hipoteca con la propiedad descrita a continuación:

---**URBANA**: Lote de terreno radicado en el Barrio Bayamón de Cidra, Puerto Rico, identificado en el Barrio Bayamón de Cidra, identificado en el Plano de Inscripción con el número 2, con una cabida superficial de 1,223.5969 metros cuadrados, equivalentes a 0.3113 cuerdas. En lindes por el **NORTE**, con servidumbre de paso; por el **SUR**, con Lago de Cidra; por el **OESTE**, con lote número 1; por el **ESTE**, con lote número 3.----------------------------

---Finca número 12,988, inscrita al folio 33 del tomo 334 de Cidra. Registro de la Propiedad de Puerto Rico, Sección II de Caguas.------- ----------------------------

3. El demandado Ortiz Báez se obligó a pagar la suma principal señalada en el pagaré, sus intereses al tipo convenido y según más adelante se específica.

4. El co-demandado Orlando Rafael Ortiz Báez vendió la propiedad descrita en el párrafo 2 anterior a Norten Mortgage Corporation, mediante la escritura de compraventa # 5 otorgada el 18 de septiembre de 2009, ante el notario Alejandro López Nuñez. Norten Mortgage Corporation adquirió la propiedad objeto de ejecución y figura como titular registral ante el Registro de la Propiedad.

5. El deudor obligacional del banco hipotecario continúa siendo Orlando Rafael Ortiz Báez, toda vez que Norten Mortgage Corporation no fue cualificado para el préstamo hipotecario por la parte demandante, FirstBank Puerto Rico.

6. Norten Mortgage Corporation fue incorporado en la presente causa de acción, según lo requiere y exige el Articulo 96 (Titular inscrito; demanda) de la "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico".

---

[8] *Id.*, entrada núm. 11.

7. El co-demandado Ortiz Báez adeuda a la parte demandante la cantidad de $20,898.56 de principal a partir del 1 de febrero de 2025; $1,138.27 por concepto de segundo balance principal, $3,298.80 por concepto de mensualidades adeudadas al 9.95% de interés anual desde el 1ro de enero de 2025 al 12 de noviembre de 2025, más los que se acumulen desde esa fecha en adelante; $384.18 de cargos por demora, $45.00 de cargos por fondos insuficientes, $29.54 de adelantos corporativos y $3,700.00, equivalente al 10% del principal por honorarios de abogado pactados, la propiedad garantiza una cantidad igual por intereses vencidos que se acumulen hasta dicho monto, la propiedad garantiza una cantidad igual por adelanto, si algunos, que tenga que incurrir el acreedor.[9]

En desacuerdo, los demandados instaron su *Moci[ó]n de reconsideraci[ó]n y solicitud de t[é]rmino para presentar alegación responsiva*[10]. Alegaron que, tras la orden de referido al Centro de Mediación de Conflicto, entendieron que no tenían que contestar la *Demanda* hasta que el caso fuera devuelto al Tribunal, ya que el proceso judicial estaba paralizado por la mediación. Además, sostuvieron que cumplieron con todas las órdenes del tribunal y comparecieron al proceso de mediación, a pesar de que no tenían representación legal en esos momentos para minimizar los gastos. Ante la ausencia de alguna orden que les requiriera presentar su alegación responsiva, solicitaron que se dejara sin efecto la *Sentencia*.

De otro lado, FirstBank presentó su *Moción en oposición a solicitudes de reconsideración*[11]. Adujo que el petitorio de los demandados carecía de mérito en Derecho y meramente se fundamenta en un entendimiento subjetivo e incorrecto del trámite procesal. Sostuvo que el referido al Centro de Mediación de Conflicto no releva a las partes de cumplir con sus deberes procesales básicos.

Mediante *Resolución Interlocutoria*[12], el foro de instancia denegó la solicitud de reconsideración.

---

[9] *Id.,* págs. 1-2.
[10] *Id.,* entrada núm. 12.
[11] *Id.,* entrada núm. 15.
[12] *Id.,* entrada núm. 16.

Aun inconforme, los demandados presentaron *Moci[ó]n para que se deje sin efecto sentencia y solicitud de t[é]rmino para presentar alegaci[ó]n responsiva*[13] al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. Alegaron que FirstBank solicitó *motu proprio* un referido al Centro de Mediación de Conflictos antes de que venciera el término para contestar la *Demanda*, lo cual conllevó la paralización de dicho término y del proceso judicial. En alternativa, sostuvieron que su desconocimiento respecto a la obligación de contestar la *Demanda* era una negligencia excusable. Asimismo, argumentaron que FirstBank solicitó anotación y sentencia en rebeldía por la falta de alegación responsiva por parte de los demandados, sin que mediara una orden judicial a esos efectos. Además, señalaron que FirstBank al solicitar sentencia sumaria incumplió con las exigencias de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, e incurrió en fraude, falsa representación o conducta impropia al no notificarles sobre la presentación de dicha moción.

Por su parte, FirstBank instó su *Moción en oposición a relevo de sentencia*[14] en la cual reiteró sus argumentos previos. Además, sostuvo que los demandados utilizaron el mecanismo de relevo de sentencia como sustituto de la diligencia procesal que omitieron ejercer oportunamente y que constituía una dilación indebida del proceso. Alegó, a su vez, que las exigencias de la Regla 36 de Procedimiento Civil, supra, no son aplicables, toda vez que la Sentencia se fundamentó en la rebeldía.

El foro de instancia mediante *Resolución Interlocutoria*[15] declaró No Ha Lugar a la solicitud de relevo de sentencia.

---

[13] *Id.,* entrada núm. 17.
[14] *Id.,* entrada núm. 19.
[15] *Id.,* entrada núm. 20.

Aun en desacuerdo, los demandados acudieron ante nos mediante el recurso de epígrafe y esbozaron los señalamientos de error siguientes:

**PRIMER ERROR**: Erró el TPI al anotar la rebeldía a los comparecientes.

**SEGUNDO ERROR**: Erró el TPI al dictar sentencia por las alegaciones en contra de los comparecientes.

**TERCER ERROR**: Erró el TPI al no reconsiderar su sentencia en rebeldía.

**CUARTO ERROR**: Erró el TPI al no relevar a los comparecientes de la anotación de rebeldía y de la sentencia en rebeldía.[16]

Por su parte, FirstBank instó su oposición al recurso de apelación.[17]

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

## A. Ley Núm. 184-2012

La Ley Núm. 184-2012, según enmendada, conocida como *Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal*, 32 LPRA sec. 2881 *et seq.* (en adelante, "Ley Núm. 184-2012"), tiene el propósito de proteger la vivienda o residencia principal de una persona ante los efectos de la crisis económica de Puerto Rico.

Conforme con ello, la Ley Núm. 184-2012 incorpora un proceso de mediación compulsoria como requisito previo a que se realice un proceso de ejecución de hipoteca sobre la propiedad principal de vivienda. *Oriental Bank v. Caballero García*, 212 DPR 671, 680 (2023). En particular, el Artículo 3 de la Ley Núm. 184-2012 establece lo siguiente:

El deudor tendrá derecho a un procedimiento de mediación en la acción civil que se le presente para la

---

[16] SUMAC-TA, entrada núm. 1, pág. 3.
[17] *Id.*, entrada núm. 2.

> ejecución de la hipoteca sobre la propiedad residencial que constituya su vivienda principal. Será deber del Tribunal, dentro de un término de treinta (30) días contados a partir del diligenciamiento del emplazamiento, citar a las partes a una vista o acto de mediación compulsoria que presidirá un mediador.
>
> .       .       .       .       .       .       .       .
>
> Lo aquí dispuesto será un requisito jurisdiccional en los procesos a llevarse a cabo ante los Tribunales de Puerto Rico que envuelvan un proceso para la ejecución de una hipoteca garantizada con una propiedad residencial que constituya una vivienda principal del deudor o de los deudores, sin cuyo cumplimiento no podrá dictarse sentencia o celebrarse la venta judicial de la propiedad gravada con la hipoteca cuya ejecución se solicita.

32 LPRA sec. 2882.

De manera que, en los casos relacionados a la ejecución de la vivienda principal de un deudor, el Tribunal está obligado a citar a las partes para una vista de mediación como requisito jurisdiccional. *Oriental Bank v. Caballero García*, supra, pag. 681. Tanto la Ley Núm. 184-2012, supra, asi como nuestra jurisprudencia ha interpretado que "si el tribunal incumple con el requisito de ordenar la celebración de la vista de mediación, carecerá de jurisdicción para emitir sentencias y ordenar ventas judiciales". *Id.*, citando a *Bco. Santander v, Correa García*, 196 DPR 452, 472 (2016).

No obstante, dicha legislación fue enmendada por la Ley Núm. 73-2022 con la finalidad de disipar la aparente contradicción entre la obligación de someter el caso a un proceso de mediación para salvaguardar la vivienda principal del deudor y la posibilidad de declararlo en rebeldía por no contestar la demanda oportunamente al acudir a dicho proceso. Véase *Exposición de Motivo* de la Ley Núm. 73-2022. Es decir, la enmienda reconoce que el objetivo principal de la ley de brindarle al deudor la oportunidad de resolver el conflicto mediante un proceso de mediación sin que ello conlleve una penalización. *Id.* Así pues, la medida adoptaba por la legislatura para resolver esta dicotomía fue imponerle el deber al tribunal de citar a las partes a la vista de mediación dentro de los 30 días a partir del diligenciamiento del emplazamiento.

**B. Abuso de discreción**

Las decisiones del Tribunal de Primera Instancia merecen gran deferencia, toda vez que conoce mejor las particularidades del caso y está en mejor posición para tomar las medidas necesarias para cimentar el curso de acción hasta obtener una disposición final. *Citibank et al v. ACBI et al.,* 200 DPR 724, 735-736 (2018); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 306-307 (2012). Por ello, los foros primarios "cuentan con una discreción que es inherente a su función de resolver los casos y controversias que llegan ante su consideración". *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015).

Siendo así, la regla general es que los tribunales apelativos no deben intervenir con las determinaciones del foro primario ni sustituir su criterio, salvo que las decisiones emitidas sean arbitrarias o constituyan un abuso de discreción judicial. *Citibank et al. v. ACBI et al.,* supra, pág. 736; *Pueblo v. Custodio Colón,* supra, pág. 589.

En nuestro ordenamiento, la "discreción judicial" se refiere a la facultad de un tribunal de justicia para resolver de una forma u otra, o de escoger entre varios cursos de acción. *Citibank et al. v. ACBI et al.,* supra, pág. 735; *García v. Asociación,* 165 DPR 311, 321 (2005). Además, se ha interpretado que la discreción está atada al concepto de razonabilidad y, a la vez, se fundamenta en un sentido llano de justicia. *Id.* Esto es, la "discreción es una forma de razonabilidad que aplica al discernimiento judicial para llegar a una conclusión justiciera". *Id.*

A esos efectos, un tribunal incurre en abuso de discreción cuando: "(1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa

su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente". *Pueblo v. Custodio Colón*, supra, pág. 589; véase, además, *Citibank et al. v. ACBI et al.*, supra, pág. 736.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el presente caso, los apelantes esbozaron cuatro (4) señalamientos de error. No obstante, discutiremos en conjunto el primer y segundo señalamiento de error por estar relacionados entre sí. En esencia, los apelantes alegan que el foro de instancia incidió al anotarles la rebeldía y dictar sentencia por las alegaciones. Les asiste la razón.

Conforme explicamos en el derecho aplicable, la Ley Núm. 184-2012, según enmendada por la Ley Núm. 73-2022, fue modificada para armonizar el proceso de mediación compulsoria con los derechos procesales del deudor, eliminando la interpretación rígida que podía penalizar o generar consecuencias automáticas adversas en el trámite judicial. La enmienda reconoce expresamente que el propósito de la mediación es ofrecer una oportunidad real de negociación y solución del conflicto, sin que dicho mecanismo pueda utilizarse para privar a las partes de sus derechos procesales fundamentales ni sustituir el debido proceso de ley. Por ello, dicha enmienda le impone el deber al tribunal de citar a las partes a la vista de mediación dentro de los 30 días a partir del diligenciamiento del emplazamiento. Nótese que tal término es análogo al plazo que tiene la parte demanda para contestar la demanda. Véase Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1 ("Una parte demandada que se encuentre en o fuera de Puerto Rico deberá

notificar su contestación dentro de treinta (30) días de habérsele entregado copia del emplazamiento y de la demanda...").

Surge de expediente que, el foro de instancia refirió el caso de epígrafe al proceso de mediación compulsoria bajo la Ley Núm. 184-2012. No obstante, el Centro de Mediación determinó que la propiedad en cuestión no constituía vivienda principal, por lo que el caso quedó fuera del alcance protector de dicha legislación. Consta en el expediente que, el 13 de noviembre de 2025, el Centro de Mediación devolvió el caso para la continuación del trámite judicial y, al día siguiente, el foro de instancia concedió a FirstBank el término de 20 días para informar sobre el curso de acción y su interés en la reclamación. Véase SUMAC-TPI, entradas núm. 8 y 9. Habiendo trascurrido dieciocho días, el 2 diciembre de 2025, FirstBank solicitó la anotación de la rebeldía y dictar sentencia por las alegaciones contra los apelantes, lo cual fue concedido por el foro de instancia ese mismo día. Véase SUMAC-TPI, entradas núm. 10 y 11.

A pesar de que la Ley Núm. 184-2012 no resultaba aplicable al caso ante nuestra consideración, tanto las partes como el foro de instancia actuaron bajo la premisa de que el referido a mediación tenía efectos procesales sobre la tramitación judicial del pleito. Ello generó una situación de incertidumbre procesal que incidió directamente en la incomparecencia de los apelantes al trámite judicial y en la ausencia de una alegación responsiva. Esto es, una vez devuelto el caso al cauce judicial, no quedó absolutamente claro si el término para contestar fue congelado o interrumpido por la mediación compulsoria.

Ante las particularidades del caso y la luz de la enmienda a la Ley Núm. 184-2012, el foro de instancia debió emitir una orden en la cual le advirtiera a los apelantes, de manera expresa, las consecuencias procesales de su inacción y les concediera un

término razonable para comparecer y contestar la demanda. Dicha interpretación resulta razonable en el contexto del esquema legislativo enmendado, cuyo propósito es precisamente evitar la imposición de consecuencias procesales desproporcionadas derivadas del propio mecanismo de mediación, y salvaguardar el acceso efectivo a los procedimientos judiciales.

Por tanto, concluimos que el foro de instancia abusó de su discreción al anotar rebeldía y dictar sentencia por las alegaciones contra los apelantes, pues ignoró sin justificación los hechos materiales del presente caso. En consecuencia, procede la revocación de la sentencia apelada.

En vista de lo anterior, resulta inmeritorio atender el tercer y cuarto señalamiento de error.

**-IV-**

Por los fundamentos antes expuestos, se **revoca** la *Sentencia* apelada y, en consecuencia, se **devuelve el caso** al foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones